UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KARL LOUIS AMMANN, ) | CASE NO. C07-1392-MJP-MAT |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| STEVE THOMPSON, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

### INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Karl Ammann is currently incarcerated at the Snohomish County Jail in Everett, Washington where he is serving a sentence imposed by the Snohomish County Superior Court following his May 2007 conviction on charges of stalking, violating a protective order, and violating an anti-harassment order. He has filed a petition for federal habeas relief under 28 U.S.C. § 2254. Petitioner, by way of the instant petition, appears to be challenging the validity of his conviction as well as certain conditions of his current confinement. The petition has not been ordered served on respondent. For the reasons set forth below, this Court recommends that petitioner's petition, and this action, be dismissed without prejudice.

## DISCUSSION

### Exhaustion of State Remedies

State remedies must first be exhausted on all issues raised in a federal habeas corpus petition. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b), (c). The exhaustion requirement is not deemed satisfied until petitioner demonstrates that each of his federal claims has been presented to the state's highest court or that no state remedy is available. *Batchelor v. Cupp*, 693 F.2d 859, 863 (9th Cir. 1982). The exhaustion requirement is a matter of comity, intended to afford the state courts "the first opportunity to remedy a constitutional violation." *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981).

To the extent petitioner's claims seeks to challenge the validity of his conviction, he is required to exhaust those claims in the state courts. Petitioner acknowledges in his petition that his direct appeal of his conviction is currently pending in the Washington Court of Appeals. He suggests in his petition that some of his claims fall outside the scope of what he is permitted to raise on direct appeal, and that the appeal process could take as long to complete as the sentence which was imposed for the conviction he seeks to challenge.

It appears that the claims presented by petitioner which call into question the validity of his conviction are claims which are eligible for review in the state courts either through direct appeal or through collateral attack. That the state court review process, by its very nature, takes some time to complete, is not sufficient justification to excuse the exhaustion requirement. Petitioner makes no showing that there has been any undue delay in the appeals process thus far. Accordingly, petitioner's claims, to the extent they challenge the validity of his conviction, are not eligible for federal habeas review at the present time.

REPORT AND RECOMMENDATION
PAGE -2

<u>Conditions of Confinement Claims</u>

To the extent petitioner seeks to challenge the conditions of his confinement in the Snohomish County Jail, such as the adequacy of the medical care he has received there, petitioner's claims must be brought in a civil rights action under 42 U.S.C. § 1983 and not in a federal habeas action under § 2254.

<u>CONCLUSION</u>

For the foregoing reasons, this Court recommends that petitioner's federal habeas petition be dismissed without prejudice. A proposed order accompanies this Report and Recommendation.

DATED this <u>27th</u> day of September, 2007.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3